UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Megan Marie Halsne, individually and as parent and natural guardian of J.J.H., <br><br> Plaintiffs, <br><br> v. <br><br> Avera Health, <br><br> Defendant. | Civil No. 12-cv-2409 (SRN/JJG) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Stephen C. Offutt, Janet, Jenner & Suggs, LLC, 1777 Reisterstown Road, Suite 165, Baltimore, MD 21208, on behalf of Plaintiffs.

Cecilie M. Loidolt, Melissa Dosick Riethof, and Amy L. Maddox, Meagher & Geer, P.L.L.P., 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, on behalf of Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the Court on Defendant's Objections [Doc. No. 30] to Magistrate Judge Jeanne J. Graham's February 13, 2013, Order [Doc. No. 27] granting Plaintiffs' Motion to Amend the Complaint [Doc. No. 10] and denying Defendant's Motion to Compel Joinder [Doc. No. 16].  After reviewing the Magistrate Judge's Order for clear error, the Court affirms the Order for the reasons set forth below.

## II.  BACKGROUND

On September 19, 2012, Plaintiff Megan Marie Halsne ("Halsne") filed this action individually and on behalf of her son, Plaintiff J.J.H. ("J.J.H.") (collectively, "Plaintiffs"),

against Defendant Avera Health ("Avera Health"). Plaintiffs brought claims for medical negligence and loss of consortium, alleging that Avera Health, through its agents and employees, was negligent in providing health care to Halsne and J.J.H. during labor and delivery. (Compl. ¶¶ 3, 23–31 [Doc. No. 1].) Plaintiffs are both residents of Minnesota (id. ¶ 1), and Avera Health is a South Dakota corporation (Answer of Avera Health ¶ 1 [Doc. No. 2]). Subject matter jurisdiction is founded on diversity of citizenship. (Compl. ¶ 4 [Doc. No. 1].)

According to the Complaint, Halsne was admitted to Pipestone County Medical Center ("PCMC") at 6:42 a.m. on January 27, 2009. (Id. ¶ 11.) The admitting nurse noted that Halsne was not having any contractions, even though it is alleged that the electronic fetal monitoring ("EFM") records show that Halsne was having contractions more than every two minutes. (Id.) Dr. Michael Lastine arrived at the hospital at 7:50 a.m. and administered Cytotec, a medication for inducing labor. (Id.) The nurse did not document a cervical exam at that time. (Id.)

Throughout the morning, a nurse continued to document Halsne's contractions, which were occurring every one to two minutes. (Id. ¶ 12.) However, the nurse removed the EFM for approximately an hour and a half, even though Plaintiffs allege that EFM is advised in such situations. (Id. ¶¶ 12–13.) At 12:03 p.m., Dr. Lastine administered additional Cytotec, even though it is alleged that Halsne was experiencing excessive contractions. (Id. ¶ 14.) The nurse did not document a cervical exam. (Id.) Within minutes, it is alleged that the fetal heart rate began to decelerate. (Id.) Deceleration

continued a half an hour later, and Dr. Lastine was notified. (Id.) It is alleged that Halsne's contractions and pain level were both being poorly monitored. (Id.)

Dr. Lastine examined Halsne at 2:08 p.m. and found no increase in cervical dilation; therefore, he ruptured the amniotic membranes. (Id. ¶ 16.) The fetal heart rate decelerated, and the intensity of Halsne's contractions increased. (Id.) A pain medication was administered, even though Plaintiffs allege it could increase fetal deceleration. (Id.) In addition, Halsne was given oxygen while sitting up rather than lying on her side, and Plaintiffs allege that the recommended IV fluid was not administered. (Id.) Throughout the afternoon, Plaintiffs allege that the nurses failed to evaluate the uterine activity. (Id. ¶ 17.) Halsne received an epidural at 4:13 p.m., and the fetal heart rate decelerated. (Id. ¶ 18.)

At 5:00 p.m., the fetal heart rate baseline was unstable, and an internal fetal monitor was positioned. (Id. ¶ 19.) A cervical exam was conducted, but the only note made was that Halsne was six centimeters dilated. (Id.) Dr. Lastine was not summoned. (Id.) At 6:00 p.m., it was decided that an expedited delivery was necessary. (Id. ¶ 20.) Dr. Lastine arrived at 6:30 p.m. (Id.) The fetal heart rate continued to decelerate for the remainder of Halsne's labor. (Id.) Scalp stimulation was performed to improve the fetal heart rate, but Plaintiffs allege that the nurses' notes reveal a misunderstanding about the procedure and risks involved. (Id.)

J.J.H. was delivered at 7:49 p.m. (Id. ¶ 21.) He was blue, limp, and without cry. (Id.) Dr. Lastine and two nurses worked to stimulate him. (Id.) Dr. Lastine found indications of trauma to J.J.H.'s head. (Id.) J.J.H. cried inconsolably during the night and would not feed. (Id.) Beginning at 7:45 a.m. the next morning, J.J.H. experienced several

3

seizures, and assisted ventilation was necessary.  (Id.)  Dr. Lastine arrived at 9:05 a.m., and J.J.H. was transported to McKennan Hospital in Sioux Falls, South Dakota at 11:15 a.m. on January 28, 2009.  (Id.)  J.J.H. suffered injuries including perinatal depression, acidosis, severe neonate asphyxia, seizures, hypotonia, cerebral palsy with developmental delays, cognitive and motor dysfunction, pain, suffering, and mental anguish.  (Id. ¶ 27.)

In its Answer, Defendant Avera Health mostly denies the truthfulness and accuracy of these allegations.  It also identifies the relationship between the individuals and entities discussed above who were not named as defendants in the original Complaint.  Avera Health states as follows:  PCMC is a Minnesota corporation that, at all relevant times, employed the nurses identified in the Complaint.  (Answer of Avera Health ¶¶ 4, 6 [Doc. No. 2].)  Dr. Lastine was employed at all relevant times by Avera McKennan, a South Dakota corporation, rather than Avera Health.  (Id. ¶ 7.)  And, PCMC is not owned by Avera Health, but it was a party to a management agreement with Avera Health and Avera McKennan.  (Id. ¶ 5.)

Plaintiffs then moved to amend the Complaint to add Avera McKennan as a named defendant and to amend the facts and allegations set forth in the Complaint to comport with the information learned from Avera Health's Answer.  (Mot. to Amend Compl. [Doc. No. 10]; Pl.'s Mem. in Supp. of Mot. to Amend Compl. at 4 [Doc. No. 12].)  Plaintiffs filed a proposed Amended Complaint and a brief in support of the motion [Doc. Nos. 10, Ex. 1, & 12].  Plaintiffs intend, through the Amended Complaint, to bring claims against Avera Health for its alleged failure to properly train and supervise the nurses identified therein, and against Avera McKennan for the alleged negligence of its employee, Dr. Lastine.  (Offutt

4

Aff. in Opp'n to Def.'s Mot. to Compel Joinder ¶ 8 [Doc. No. 24]; Order at 4 [Doc. No. 27].)

Avera Health opposed the motion, (Def.'s Mem. of Law in Opp'n to Pls.' Mot. to Amend Compl. [Doc. No. 22]), and moved to compel Plaintiffs to join PCMC as a named defendant in the lawsuit, (Def.'s Mot. to Compel Joinder [Doc. No. 16]).  Avera Health filed a supporting brief, arguing that PCMC must be joined because its employees, the nurses, are the main target of the litigation.  (Def.'s Mem. of Law in Supp. of Mot. to Compel Joinder at 1–3 [Doc. No. 18].)  Plaintiffs opposed the motion and disclaimed any attempt to seek recovery from PCMC or the nurses.  (Pls.' Mem. in Opp'n to Def.'s Mot. to Compel Joinder at 1–3 [Doc. No. 23].)

The Magistrate Judge held a hearing on both motions on January 24, 2013.  (Civ. Mot. Hearing [Doc. No. 26].)  On February 13, 2013, the Magistrate Judge granted Plaintiffs' Motion to Amend the Complaint and denied Avera Health's Motion to Compel Joinder.  (Order at 11 [Doc. No. 27].)  As for Plaintiffs' Motion, the Magistrate Judge found that Avera Health would not be prejudiced by the addition of Avera McKennan as a named defendant because the proposed amendments were timely, no new theory of recovery was advanced, any additional discovery would be of minimal burden, and the proposed amendments are based on facts known to both parties.  (Id. at 5.)  The Magistrate Judge declined to consider whether Plaintiffs' negligent training and negligent supervision claims would be futile because Avera Health raised that argument for the first time at the hearing on the motion.  (Id. at 5–6.)

As for Avera Health's Motion, the Magistrate Judge found that joinder of PCMC is not feasible under Rule 19(a) because it would destroy diversity. (Order at 7 [Doc. No. 27].) In addition, the Magistrate Judge found that PCMC is not a required party under Rule 19(a)(1)(A) or (B) because Avera Health did not demonstrate that complete relief among the existing parties cannot be afforded or that PCMC had claimed an interest in the outcome of the case. (Id. at 7–8.) Finally, the Magistrate Judge found that, even if PCMC was a required party, equity and good conscience dictate that the action should proceed among the existing parties because: (1) a judgment rendered in PCMC's absence would not prejudice PCMC or the existing parties, (2) measures could be taken to abate any risk to Avera Health of double exposure to liability, (3) the public interest in settling whole disputes is not an issue because Avera Health has not indicated an intent to bring a separate action against PCMC, and (4) Plaintiffs may not have an adequate remedy if the action is dismissed because the statute of limitations will likely expire before they can re-file. (Id. at 9–11.)

Plaintiffs filed their Amended Complaint [Doc. No. 28] on February 20, 2013. On February 25, Avera Health filed its Objections to the Magistrate Judge's February 13 Order [Doc. No. 30]. Avera Health and Avera McKennan were both served with the Amended Complaint on March 20, 2013, (Summons & Compl. Return of Service [Doc. Nos. 32–33]), and filed a Joint and Separate Answer to Amended Complaint [Doc. No. 31] on April 3, 2013.

## III. DISCUSSION

### A. Standard of Review

Motions to amend pleadings and motions related to joinder are nondispositive motions. D. Minn. LR 7.1(b)(4)(A). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court must affirm the order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

### B. Objections

Avera Health argues that the Magistrate Judge's rulings on Plaintiffs' Motion to Amend the Complaint and Avera Health's Motion to Compel Joinder are clearly erroneous and contrary to law. (Def.'s Objections to Order at 1 [Doc. No. 30].) Avera Health requests the Court to compel joinder of PCMC as a named defendant if Plaintiffs are allowed to amend their Complaint to add Avera McKennan as a named defendant. (Id. at 13.) In the alternative, Avera Health asks the Court to deny the Motion to Amend. (Id.) The Court will address the Magistrate Judge's findings as to each motion separately.

### 1.     Motion to Amend the Complaint

Avera Health first objects to the Magistrate Judge's decision to allow Plaintiffs to amend the Complaint to add Avera McKennan as a named defendant without also adding PCMC. (Id. at 8.) Federal Rule of Civil Procedure 15(a) governs a party's request to add a party to its pleading. Leave to amend a complaint "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, there is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." Baptist Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007) (citation omitted).

Avera Health urges the Court to exercise its discretion to deny the Motion to Amend on two grounds: prejudice and futility. (Def.'s Objections to Order at 9 [Doc. No. 30].) First, Avera Health claims that adding Avera McKennan to the lawsuit, without also adding PCMC, would be prejudicial because Avera Health and Avera McKennan could be exposed to a risk of incurring double obligations. (Id.) As noted by the Magistrate Judge, this objection does not pertain to the addition of Avera McKennan, but rather to the failure to add PCMC. (Order at 5 [Doc. No. 27].) Thus, the issue is more appropriately addressed in the next section as an objection to the Magistrate Judge's decision on the Motion to Compel Joinder.

Furthermore, prejudice generally exists when "amendments involve new theories of recovery and impose additional discovery requirements," not when amendments are based on facts similar to those alleged in the original complaint. Bell v. Allstate Life Ins.

Co., 160 F.3d 452, 454 (8th Cir. 1998); see Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) (citation omitted) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."). Here, the amendments do not involve new theories of recovery or facts very different than those alleged in the original Complaint. Rather, Plaintiffs' proposed amendments are based on facts brought to its attention by Avera Health's Answer, and the new allegations of negligence are based on the same facts alleged in the original Complaint. Indeed, Avera Health noted in its objections that, to the extent the facts alleged in the proposed Amended Complaint still focus on the nurses' actions, they are too similar to the facts alleged in the original Complaint. (See Def.'s Objections to Order at 5–7 [Doc. No. 30].) Therefore, there is no clear error in the Magistrate Judge's finding that Avera Health would not be prejudiced by the addition of Avera McKennan as a named defendant in this lawsuit.

Second, Avera Health contends the claims involving the nurses would ultimately be futile. In the context of a motion to amend, "futility" means the inability to withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008). "[I]n deciding whether to permit a proffered amendment, a court should not consider the likelihood of success unless the claim is 'clearly frivolous.'" Popp Telcom, 210 F.3d at 944 (quoting Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981)).

9

Here, the Magistrate Judge declined to consider Avera Health's futility argument under a Rule 12(b)(6) standard because the parties had not fully briefed and argued the issue. (Order at 5–6 [Doc. No. 27].) This Court finds no clear error in the Magistrate Judge's ruling. Avera Health's arguments that Minnesota does not recognize a claim for negligent training and that a claim for negligent supervision must be premised on an act of negligence by an employee, (Def.'s Objections to Order at 10 n.2 [Doc. No. 30]), would be more appropriately raised in a summary judgment motion.[1] Therefore, in light of the deference accorded to orders of magistrate judges on nondispositive issues, this Court finds that the Magistrate Judge's Order granting Plaintiffs' Motion to Amend the Complaint was not clearly erroneous or contrary to law.

### 2. Motion to Compel Joinder

Avera Health next objects to the Magistrate Judge's determination that PCMC is not a necessary and indispensable party to this litigation under Rule 19 of the Federal Rules of Civil Procedure. (Def.'s Objections to Order at 11 [Doc. No. 30].) Ordinarily, "a

---

[1]   It is not clear to the Court under what legal theory Plaintiffs can recover for the alleged negligence of the nurses. It does not appear that Minnesota recognizes a claim for negligent training. See Johnson v. Peterson, 734 N.W.2d 275, 277 (Minn. Ct. App. 2007). Even if Minnesota did recognize such a claim, Avera Health asserts that the nurses were trained by PCMC employees, not by Avera Health. (Def.'s Objections to Order at 7 [Doc. No. 30].) In addition, it appears that a claim for negligent supervision under Minnesota law must be premised upon the existence of an employer-employee relationship. See, e.g., Oslin v. Minnesota, 543 N.W.2d 408, 414 (Minn. Ct. App. 1996). Here, Avera Health asserts that the nurses were employed by PCMC. (See Def.'s Objections to Order at 10 n.2 [Doc. No. 30].) While the Court is concerned about the legal bases for Plaintiffs' theories of recovery in the absence of Dr. Lastine and PCMC as named defendants, these issues will need to be resolved in the context of a full record, a motion for summary judgment after full briefing and a hearing on the merits, not in a motion to amend.

plaintiff is the master of his complaint." BP Chems. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, 685 (8th Cir. 2002). However, there are instances under Rule 19(a) when a person is required to be joined as a party to a lawsuit. See Fed. R. Civ. P. 19(a)(1). If joinder of a "required" person is not feasible, then the Court must determine under Rule 19(b) whether the lawsuit should proceed in that person's absence or should be dismissed. Fed. R. Civ. P. 19(b).

### a.  Rule 19(a)

Rule 19(a) describes "required" parties who should be joined in an action if feasible:

(1)   A person who is subject to service of process <u>and whose joinder will not deprive the court of subject-matter jurisdiction</u> must be joined as a party if:

  (A)   in that person's absence, the court cannot accord complete relief among existing parties; or

  (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i)   as a practical matter impair or impede the person's ability to protect the interest; or

    (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a) (emphasis added). A person is a required party if that person meets the criteria of either subsection (a)(1)(A) or (a)(1)(B). Sykes v. Hengel, 220 F.R.D. 593, 596 (S.D. Iowa 2004). However, when joinder of a person would destroy diversity of citizenship in an action founded on diversity subject matter jurisdiction, joinder is not

11

feasible. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108 (1968).

The Magistrate Judge did not err in determining that joinder is not feasible under Rule 19(a). (Order at 7 [Doc. No. 27].) "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (citations omitted). PCMC is a Minnesota corporation, and Plaintiffs are Minnesota citizens. Therefore, adding PCMC as a named defendant in this litigation would destroy diversity of citizenship.

Nor did the Magistrate Judge commit clear error in determining that PCMC is not otherwise a required party under Rule 19(a). (Order at 8 [Doc. No. 27].) First, under subsection (a)(1)(A), complete relief can be accorded among the existing parties without joining PCMC as a named defendant. In this regard, it is important to note that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp., 498 U.S. 5, 7 (1990). Rather, "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Id. In the Amended Complaint, Plaintiffs are suing (1) Avera Health for its alleged negligent supervision and training of the nurses involved in Halsne's labor and delivery and (2) Avera McKennan for the alleged negligence of its employee, Dr. Lastine. According to Avera Health, the extent of the nurses' involvement and Plaintiffs' allegations against the nurses require joinder of PCMC as the nurses' employer. (Def.'s Mem. of Law in Supp. of Mot. to Compel Joinder at 14 ([Doc. No. 18].) However, Avera Health has not demonstrated how

PCMC is more than simply a joint tortfeasor in this case, and the Court sees no reason why complete relief for Plaintiffs' claims against Avera Health and Avera McKennan could not be accorded in PCMC's absence.

Second, under subsection (a)(1)(B), Avera Health has not demonstrated that PCMC has an interest it will not be able to protect if this lawsuit goes forward without PCMC as a party or that Avera Health will be subject to a substantial risk of incurring double obligations if PCMC is not joined. While the first requirement of subsection (a)(1)(B) is that the absent party has "claimed an interest relating to the subject of the action," the absent party need not necessarily come forward with such an interest. See Tell v. Trs. of Dartmouth Coll., 145 F.3d 417, 419 (1st Cir. 1998) ("'[C]laims an interest' in [the Rule 19] context means nothing more than appears to have such an interest."); Cooper v. Digital Processing Sys., Inc., 182 F.R.D. 242, 249 (N.D. Ohio 1998) (citation omitted) ("The term 'claims an interest' [in Rule 19(a)] means 'having an interest' in the case.").

Here, not only has PCMC not come forward with a stated interest,[2] but the only interest of PCMC alleged by Avera Health is an ability to respond to Plaintiffs' criticisms of PCMC's employees and defend itself. (Def.'s Objections to Order at 12 [Doc. No. 30]; Def.'s Mem. of Law in Supp. of Mot. to Compel Joinder at 14 [Doc. No. 18].) However, absence from this lawsuit will not prevent PCMC from addressing such criticism in a different forum, and PCMC need not defend itself in the lawsuit because Plaintiffs have

---

[2] The Magistrate Judge appears to have relied solely on this reason for finding that Avera Health did not satisfiy the requirements of Rule 19(a)(1)(B). (See Order at 8 [Doc. No. 27].) However, as discussed herein, Avera Health has not satisfied the standard even taking into account the interests it asserted on behalf of PCMC.

disclaimed any intent to seek recovery from it or its nurses. Moreover, Avera Health offers no explanation for its claim that it would be subject to a substantial risk of incurring double obligations to Plaintiffs if PCMC is not joined. (See Def.'s Objections to Order at 12 [Doc. No. 30]; Def.'s Mem. of Law in Supp. of Mot. to Compel Joinder at 15 [Doc. No. 18].) Therefore, the Court concludes that PCMC is not a required party under Rule 19(a), and joinder is properly denied at this step. See Temple, 498 U.S. at 8.

### b. Rule 19(b)

Even if PCMC were a required party under Rule 19(a), Rule 19(b) dictates that the action should proceed among the existing parties. Rule 19(b) governs situations in which a potential party meets the criteria of a "required" party under Rule 19(a), but joinder is not feasible:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>     (A) protective provisions in the judgment;
>
>     (B) shaping the relief; or
>
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  "Rule 19(b) is a pragmatic rule whose application turns on considerations of efficiency and fairness in the particular case."  Baker Group, L.C. v. Burlington N. & Santa Fe Ry. Co., 451 F.3d 484, 491 (8th Cir. 2006) (citations omitted).

The Magistrate Judge did not clearly err in finding that this action should proceed among the existing parties.  First, neither PCMC nor the existing parties will be prejudiced if a judgment is rendered in PCMC's absence.  The principle of res judicata will not bind PCMC by the judgment rendered; Avera Health and Avera McKennan will not be foreclosed from seeking contribution from PCMC in a separate action; and, although Plaintiffs may lose the opportunity to sue PCMC in light of the statute of limitations, Plaintiffs have disclaimed any intention of pursuing a claim against that entity.  Furthermore, to the extent Avera Health argues that it will be prejudiced by having to differentiate itself from an absent party against whom allegations of liability are asserted in the Amended Complaint (i.e., PCMC), Avera Health would have to make the same differentiations even if PCMC were present.

Second, any prejudice that would occur could be lessened or avoided.  As noted by the Magistrate Judge, Avera Health's concern regarding potential exposure to double liability could be abated by, for example, including special provisions in the judgment or shaping the relief awarded.  (Order at 10 [Doc. No. 27].)  In addition, Avera Health could seek contribution from PCMC at a later date or even implead PCMC as a third-party defendant.  See Glorvigen v. Cirrus Design Corp., Civil No. 06-2661 (PAM/RLE), 2006 WL 3043222, at *4 (D. Minn. Oct. 24, 2006) (citations omitted) ("Minnesota law permits a

defendant to implead a third-party defendant for contribution while the underlying tort action is pending."); see also Grimes v. Mazda N. Am. Operations, 355 F.3d 566, 572 (6th Cir. 2004) (stating that impleader of a non-diverse third-party defendant in order to seek contribution does not necessarily destroy diversity jurisdiction because claims that share a "'common nucleus of operative fact'" with the case before the court fall within the court's supplemental jurisdiction).

Third, a judgment rendered in PCMC's absence would be adequate. As used in Rule 19(b)(3), the term "adequate" refers to "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies" or, in other words, "th[e] public stake in settling disputes by wholes, whenever possible." Provident Tradesmens Bank, 390 U.S. at 111. Again, Plaintiffs have disclaimed the intent to pursue a cause of action against PCMC. Likewise, there has been no indication that Avera Health or Avera McKennan intend to pursue contribution from PCMC in a separate action. Therefore, it appears that complete, consistent, and efficient settlement of this controversy can be accomplished in the pending action.

Fourth, it does not appear that Plaintiffs will have an adequate remedy if this case is dismissed for nonjoinder. It seems to be undisputed between the parties that the statute of limitations would prevent Plaintiffs from re-filing their action in state court should this case be dismissed. Moreover, because Plaintiffs have disclaimed the intent to sue PCMC, the parties and potential remedies would be the same as they are here.

Finally, Avera Health argues that principles of equity and good conscience dictate that Plaintiffs not be rewarded for forum shopping or attempting to litigate a case against a

party without actually adding that party. However, as discussed above, a plaintiff generally is the master of his complaint and is allowed to choose his forum, and Rule 19 does not demand otherwise in this case. In light of the deference accorded to orders of magistrate judges on nondispositive issues, this Court finds that the Magistrate Judge's Order denying Avera Health's Motion to Compel Joinder was not clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Avera Health's Objections [Doc. No. 30] to the Magistrate Judge's February 13, 2013, Order [Doc. No. 27] are **OVERRULED**;

2. The Magistrate Judge's February 13, 2013, Order [Doc. No. 27] is **AFFIRMED**;

3. Plaintiffs' Motion to Amend the Complaint [Doc. No. 10] is **GRANTED**; and

4. Defendant Avera Health's Motion to Compel Joinder [Doc. No. 16] is **DENIED**.

Dated: June 18, 2013                    s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge